ROHNER GEHRIG & CO., INC., ET AL. *v.* UNITED STATES
UNITED STATES *v.* ROHNER GEHRIG & CO., INC., ET AL.

**No. 4466.—**Invoices dated Yokohama, Japan, May 31, 1935, etc.
Entered at New York July 1, 1935, etc.
Entry No. 700130, etc.

(Order dated December 5, 1938)

*Barnes, Richardson & Colburn (Joseph Schwartz* and *Hadley S. King* of counsel) for the importers.

*Webster J. Oliver,* Assistant Attorney General *(Samuel D. Spector,* special attorney), for the Government.

KINCHELOE, Judge: Twenty-five appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, are involved herein. Seventeen of them are appeals filed by the importers against advances in the values made by the appraiser, and the remaining eight are collector's and importers' appeals.

At the trial, all of the cases were consolidated by consent of both parties, it being agreed that the issue presented is the same in all of them. After evidence had been introduced by both sides, the cases were submitted, and they are now before me for decision.

Upon an examination of the evidence that was offered, I find a special agent's report which was submitted on behalf of the Government and marked Exhibit 2. The report is a carbon copy, which bears the signatures in ink of "E. W. Daley," as Treasury representative, and "Martin G. Scott," as Treasury attaché. Whether the signatures are those of the men whose names appear thereon, I am unable to determine. No proof is before me to establish that fact.

Section 501 of the Tariff Act of 1930 provides in part as follows:

In finding such value affidavits and depositions of persons whose attendance cannot reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. *Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents.* [Italics mine.]

The question of admissibility of *uncertified* special agent's reports was very exhaustively discussed by the Second Division in its decisions in the case of *F. W. Myers & Co., Inc., et al.* v. *United States* (reappraisements 110689–A, etc.) and in the case of *United States* v. *Elliot Greene & Co., Inc., et al.* (reappraisements 112338–A, etc.).

But there is before me at this time a somewhat different situation than existed in the two cited cases. In those cases, no objection was made to the admissibility of the reports on the ground they were carbon copies or duplicate originals. In the case before me, not only was no objection made to the report being admitted, but counsel for the importer waived any objection on the ground it was not certified. I quote from the record in that connection:

Mr. SPECTOR. The Government offers in evidence the Special Agent's Report dated August 21, 1935, made by W. E. Daley, Treasury Representative, and approved by Martin G. Scott, Treasury Attaché. This report is not certified, and counsel for the importer has waived the necessity of certification.

Mr. SCHWARTZ. I will waive any objection to this on the ground that it has not been certified.

The question therefore presents itself: Does the waiver of objection to have it certified give probative value to a document which, *under the statute*, is not properly admissible in the form presented? I think not. The following language employed by the Second Division in the *Greene* case, *supra*, is equally applicable here:

\* \* \* evidence which is made admissible only by statute, is not admissible under any circumstances until the statute has been strictly complied with in regard to the form and authentication of such evidence. The failure of counsel to object to such evidence, when offered, cannot serve to cure the defect in such evidence for not being in the form and shape required by the statute, and thereby make the same admissible.

However, the case before me was tried prior to the decisions in the *Myers* and the *Greene* cases, *supra*. Moreover since counsel for the

importer, in open court, waived any objection to proper certification of the special agent's report offered by counsel for the Government, it seems to me to be a fair conclusion to say that the Government attorney, believing the action of importer's counsel was in good faith, and I have no doubt that it was, offered the report in its present form, without certification.

So, in order that justice may be done in this matter, I am firmly of the opinion that these cases should be restored to the docket for the *sole* purpose of giving counsel for the Government an opportunity to have said special agent's report properly certified.

It is so ordered.